UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
11/08/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

MICHAEL ORR, )
        Plaintiff, )
)
-v- )  CAUSE NO.  1:23-cv-2023-JRS-MJD
)
NURSE RIGGS, et al. )
        Defendants. )

**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE**

### I. PARTIES

1. Plaintiff Michael Orr, IDOC#133175 ("I", "me", or sometimes "my"), Westville Correctional Facility 5501 S. 1100 West Westville, IN 46391. I was housed at the Wabash Valley Correctional Facility ("WVS"), Secured Confinement Unit ("SCU"), PO BOX 111, Carlisle, IN 47838, during the time giving rise to the injury alleged in this action.

2. Defendant Christina Reagle ("Reagle") is the Commissioner of the Indiana Department of Correction, I.G.C.S, 5th Floor, 302 West Washington Street, Indianapolis, IN 46204 ("IDOC").

3. Defendant Robert Carter ("Carter") was the Commissioner of IDOC. His current address is presently unknown to me.

4. Defendant Deanna Dwenger ("Dr. Dwenger") is the Executive Director of Mental Health Services at IDOC.

5. Defendant Kristen Dauss ("Dr. Dauss") is the Chief Medical Director at IDOC.

6. Defendant Centurion Health, LLC ("Centurion") is a private Indian company, 550 N. Meridian Street, 1st Floor, Indianapolis, IN 46204.

1

7. Defendant Frank Vanihel ("Vanihel"), Warden at NCCF.

8. Defendant Shawn Holcomb ("Holcomb") was the Lieutenant at WVS, SCU.

9. Each Defendant is sued in their individual and official capacity. At all times mentioned in this complaint each Defendant acted, and continue to act under color of state law.

## II. JURISDICTION AND VENUE

10. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343 (3) and (4), and 28 U.S.C. §§ 1331.

11. Venue is appropriate under 28 U.S.C. §§ 1391 (b)(2) because it is the district where the events giving rise to his civil action.

12. Jurisdiction is invoked over discrimination on the basis of disability pursuant to title II of the Americans with Disability Act ("ADA") with particular reference 42 U.S.C. §§ 12101 et seq., through 12132, the Rehabilitation Act ("RA") guidelines thereunder promulgated, principally, found at 29 U.S.C. § 794(a).

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. I have exhausted all administrative appeals and grievances in this matter.

## IV. CAUSE OF ACTION WITH SUPPORTING FACTS

14. While being housed in the SCU on 4/29/23 at approx. 2:30 P.M, I suddenly awoke with extreme chest pains, shortness of breath, dizziness, sweating and I could hardly move, walk, sit up, or lay back down in bed, or sleep.

15. Around 3 hours later, during medication rounds, I told rigs that I felt depressed with no appetite and had not eaten or hydrated in several days.

16. I also told Riggs that I felt dizziness and paralyzing chest pains with shallow breathing, vomiting, weakness, and problems moving, laying in bed, and sleeping.

17. At this time, Riggs made dismissive comments stating, "I am not checking your vitals because you only have acid reflux."

18. Riggs also said, "Your history of not eating or during means nothing because you are doing it intentionally and, so you're not getting and extra attention unless you drink or eat something first."

19. Riggs kept going on about her policy for prisoners in the SCU who like to hunger strict were strict.

20. Riggs outright refused to check my vitals, provide intravenous fluids (if necessary), EKG testing (if necessary), and/or to provide the appropriate referral for me to be seen by a medical doctor, psychologist, or psychiatrist.

21. Riggs did not attempt to help me as she could have. Specifically, Riggs failed to engage in the most minimum basic standard care by denying me non-prescription pain relief after I report paralyzing chest pains, dizziness, and weakness that exposed me to a substantial risk of harm.

22. During this time, Reagle, Carter, Dauss, Dwenger, Vanihel, and Holcomb had a policy that all prisoners in IDOC were required to be assigned on the Hunger Strike Protocol after refusing more than 3 meals in the SCU, in practice, Reagle used Vanihel to determine whether the prisoner actually declared a hunger strike to protest against prison conditions or refusing to eat for political reasons.

23. Centurion had no standardized procedures at the SCU to guide nursing staff exercise of discretion during medication rounds in determining whether a prisoner should be put on Hunger Strike Protocol that required a Nursing evaluation every 24 hours to monitor the risk and reason of starvation whenever a prisoner refused to eat.

24. Consequently, Reagle, Carter, Dauss, Dwenger, Vanihel, and Holcomb via policy and practice arbitrarily determined that I failed to eat and hydrate for extra medical attention.

25. However, Vanihel, Reagle, Centurion, and Riggs knew that failing to assess the risk of starvation and/or to implement policies of the same for Nursing staff at the SCU like Riggs would likely lead to constitutional violations against prisoners like me. In addition, such a failure to promulgate said procedures was the moving force behind the harm against me.

26. Because I suffered from a serious mental illness, which affected my brain function and subjected me to daily functional impairments, I was qualified to participate in the specialized infirmary housing programs and services offered by WVS.

27. I was excluded from participating in the said housing programs and services, and is denied the benefits of these programs, because of my mental disability and because of Reagle, Carter, Vanihel, and Centurion's failure to accommodate my mental disability.

28. Centurion's practices were the moving force behind the delays and denials of a medical services and Centurion knew its practices would lead to inexplicable delays for emergently needed evaluation, medication, and treatment of a life threatening mental illness at the SCU.

29. Centurion continues to be indifferent to how its practices put inmates with potentially life-threatening mental health condition at a substantial risk of serious harm including death.

30. I suffered physical pain and suffering, emotional pain and suffering, disability (i.e., serious mental illness) and loss of normal life, diminished life expectancy; and future medical care and supplies.

## V. CLAIMS FOR RELIEF

31. **Claim I:** The monell claim against Centurion for intentionally, knowingly, with gross disregard of my rights by failing to train or improperly training its employees to provide mental health crisis, emergent, urgent mental health care, hunger strike protocol during medication rounds, and monitoring in the SCU on 4/29/23; and by instituting improper procedures that promote, tolerate, and/or ratify with deliberate indifference the continuing inadequate medication rounds, hunger strike protocol, and monitoring at the SCU, were acts and/or omissions that led to my physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment und the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

32. **Claim II**: The monell claim against Reagle and Carter for intentionally, knowingly, with gross disregard of my rights by instituting policies, practices, and/or procedures of relying upon Centurion's medical professionals without training them on how to implement or enforce the IDOC's Health Care Service Directives mental health crisis, emergent, urgent mental health care, and hunger strike protocol at the SCU on 4/29/23, were acts and/or omissions that led to my physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment und the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

33. **Claim III**: The inadequate medical care claim against Riggs for intentionally, knowingly, with gross disregard of my rights by refusing to provide me the appropriate referral to be seen by mental health staff for signs of depression; and by failing to provide an emergent or urgent Nursing evaluation and monitoring for signs of severe starvation and dehydration on 4/29/23, were acts and/or omissions that led to my physical injury, pain

and suffering, mental anguish, and subjected me to cruel and unusual punishment und the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

34. **Claim IV**: The failure to protect claim against Reagle, Carter, Dr. Dwenger, Dauss Vanihel, Centurion, and Riggs for intentionally, knowingly, with gross disregard of my rights by instituting and enforcing a hunger strike protocol without any mental health crisis, emergent, and/or urgent mental health care exceptions on 4/29/23, were acts and/or omissions that led to my physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment und the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

35. **Claim V**: The ADA and RA claims against Centurion, Reagle, and Vanihel for intentional discrimination based on my disability; for implementing hunger-strike policies and practice that disportionally impacts mentally ill prisoners in the SCU, in violation of the ADA and RA.

## VI. PREVIOUS LAWSUITS

36. I have NOT previously filed other lawsuits in state or federal court regarding the events or acts complained of in this complaint.

## VII. REQUEST FOR RELIEF

37. Enjoin the Defendants to accommodate my disability throughout my incarceration.
38. Granting me compensatory damages to be paid jointly and severally in the amount of $400,000.00 (FOUR HUNDRED THOUSAND DOLLARS) against each Defendant;
39. Granting me punitive damages to be paid jointly and severally in the amount of $300,000.00 (THREE HUNDRED THOUSAND DOLLARS) against each Defendant;
40. I am seeking a jury trial on all issues triable by a jury;

41. I am seeking recovery of my costs in this civil action;

42. I am seeking any additional relief this Court deems just, proper, and equitable.

Date: 10/27/2023                     _____ pro se / Plaintiff
                                     Michael Orr, IDOC #133175
                                     Westville Correctional Facility
                                     5501 S. 1100 West
                                     Westville, IN 46391

## DECLARATION UNDER PENALTY OF PERJURY

I, the plaintiff in the aforementioned cause, declare under penalty of perjury that I in the above action, have read the above complaint and that the information contained in the complaint is **true and accurate,** as well as the exhibits attached hereto, I believe them to b true and correct to the best of my personal knowledge and belief.

Executed at Westville Correctional Facility      on 10/27/2023      .

_____ pro se / Plaintiff
**Plaintiff's Original Signature**

7